IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DESHANA R. TYRKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 06-G-1881-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Deshana R. Tyrka, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239..

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

>   (5)   whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case, ALJ Earl C. Cates, Jr., determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment.  In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform a significant range of light work.  [R. 18].  Accordingly, the ALJ found the Plaintiff not to be disabled.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

>   The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

3

alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## DISCUSSION

In his decision, the ALJ found that the plaintiff suffered from the severe impairments of "status post 2 back surgeries, including fusion with retained hardware." [R. 14].  He described these two surgeries as follows:

> The medical evidence reveals that the claimant underwent an anterior lumbar interbody fusion at L5-S1 on June 2, 2003 (Exhibit 3F).  In January 2004, the claimant began reporting back pain and numbness in her legs (Exhibit 1F).  The claimant was scheduled fro an MRI in April 2004 (Exhibit 3F).  On April 23, 2004, Dr. Cyrus Ghavam reviewed the results of the MRI.  It revealed a bone spacer at L5-S1.  No other disc pathology was noted.  Doctor Ghavam concluded that there was a non-union at L5-S1.  On June 10, 2004, Dr. Ghavam performed a posterior lumbar intertransverse fusion with instrumentation.

[R. 14].

Without question, the plaintiff has an underlying condition which could give rise to disabling pain.  In applying the 11th Circuit's pain standard, the ALJ found that:

> the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

[R. 16].  This conclusion is not based on substantial evidence.

The plaintiff was 35 years old at the time of the ALJ hearing. [R. 199]. She testified that she suffers from back pain which radiates down her legs. [R. 221]. She has good days and bad days; the bad days occur three times a week. [R. 222]. On those bad days, she testified that she lies down for two to four hours. [Id.]. On her Physical Activities Questionnaire, the plaintiff described her daily activities thusly:

> I don't have hobbies any more. I used to love to work in the yard. Mopping the floor hurts my back. Makeing [sic] the bed hurts. Takeing [sic] the wet clothes from the washing machine & putting [them in] the dryer hurts. When I try to cook I am exhausted. So my kids have to clean the mess up or help me.
>
> Walking hurts because there is pain in my back & my leg & feet are asleep and I loose [sic] my balance [at] times.

[R. 62]. She estimated that she can stand, walk and sit for 15 minutes at a time. [Id.]. She doesn't vaccuum. [R. 64].

In making his credibility finding, the ALJ ignored the plaintiff's testimony regarding her limitations and daily activities, and focused solely on his interpretation of the reports of her treating physicians.

> Great weight is given to the opinion of Dr. Halsey and Dr. Ghavam as contained in Exhibits 9F and 11F, respectively. Both of these physicians have treated the claimant over a period of time and have become familiar with the claimant's condition. There [sic] opinions are consistent with their findings and the other medical evidence of record.

[R. 17]. This court's review of the records of James H. Halsey, M.D., a professor of neurology in the UAB School of Medicine, reveals the following: On December 21, 2004, Dr. Halsey wrote that the plaintiff "is under my care for back pain, requiring pain medication. At this time she asserts that her pain is too severe to enable her to work. I

6

cannot predict how long this will last." [R. 170]. Dr. Halsey prescribed Lortab 10 for pain. [Id.]. On April 4, 2005, Dr. Halsey wrote that the plaintiff "requires treatment with pain medication" and that "she is still under my care and continues to not feel that she is able to work due to the pain." [R. 178].

Cyrus Ghavam, M.D., the surgeon who performed the plaintiff's lumbar fusion, stated the plaintiff's underlying condition "is disc degeneration with central herniation . . . ." [R. 187]. In May of 2005, the plaintiff complained to Dr. Ghavam about "various shooting pains going up and down her back as well as occasional shooting pains in her legs that feel like electricity." [R. 184]. Dr. Ghavam noted that while the plaintiff had achieved maximum medical improvement, she still complained of pain "but has no objective findings of neurologic deficits." [R. 183].

In March of 2006, she still complained of low back pain. Dr. Ghavam mused that "[s]ome of the pain potentially could be related to the hardware, although I have discussed with her that this is unpredictable and many patients have no pain with hardware[1]. ***Nevertheless, this may be part of her condition***." [R. 181].(emphasis added) Dr. Ghavam suggested "the option of hardware block, which would potentially help determine whether or not the hardware is painful . . . ." [Id]. The ALJ takes Dr. Ghavam's statement that the plaintiff has no objective findings of neurologic deficits and leaps to the conclusion that the plaintiff, therefore, could not suffer from the pain she

---

[1] It is implied in this statement that the opposite also is true: many patients do have pain with hardware.

alleges.  This is an improper application of the pain standard.  In relying on Dr. Ghavam's opinion, the ALJ failed to address his findings that the plaintiff's pain could be related to her hardware[2].  If a finding plainly found in Dr. Ghavam's medical records was unclear to the ALJ, he could have recontacted the treating source for clarification.  See Jenkins v. Sullivan, 906 F.2d 107, 109 (4th Cir. 1990)(noting ALJ had opportunity to develop the record on question of whether plaintiff's medical condition could reasonably cause the pain alleged by eliciting additional medical testimony, but failed to do so).  As it is, the ALJ, "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings."  Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996).

In August 2005, the plaintiff was evaluated by William A. Crunk, Jr., Ph.D., to determine her vocational employability.  [R. 104-106].  Dr. Crunk opined:

> When considering her age, education, work background, medical impairment, residuals of pain and loss of earning capacity, she would, due to the level of pain, be unable to work eight hours a day or forty hours a week.  Ms. Tyrka would at this time have a 100% loss of earning capacity.

[R. 105-106].  Curiously, the ALJ makes no reference to this report in his decision.  Therefore, he has not discredited it.  The court takes judicial notice[3] that Dr. Crunk is often used as a vocational expert by DDS in administrative hearings.

---

[2] In fact, the plaintiff has two conditions that could lead to disabling pain:  the hardware; and the disc degeneration and herniation which led to her two surgeries.

[3] In deciding upwards of 150 Social Security appeals each year, the court has seen Dr. Crunk's name in hearing transcripts many dozens of times.

Under this circuit's pain standard, objective proof of the pain itself is not required. Moreover, the medical evidence also shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). As Judge Allgood observed in Lamb v. Bowen: "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain. No examining physician ever questioned the existence of appellant's pain. They simply found themselves unable to cure the pain." 847 F.2d 698 (11th Cir. 1988).

With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, the ALJ failed to satisfy the requirements of Hale. The conclusion of that court is equally appropriate in the instant case. "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true." Hale, at 1012.

The vocational expert (VE) was asked if the plaintiff were found to be credible regarding her pain testimony, would jobs exist in the national and local economies which the plaintiff could perform:

> ATTY: Ma'am, the jobs you described of office helper and tanning salon and photocopy machine operator, would they be – would a person be able to do those jobs if they [sic] had to lie down two to three hours a day, two to three days a week?
>
> VE: No, they [sic] would not.
>
> ATTY: And why would that be?
>
> VE: Because employers do not allow an individual – you can't work and lie down, and they don't allow an individual to leave their [sic] worksite and – to lie down two to four hours out of a normal eight-hour workday on that frequent a basis.
>
> ATTY: If a person was having pain in a moderately severe to severe category, would it affect their [sic] ability to do those jobs mentioned?
>
> VE: Yes, it would.
>
> ATTY: And why would it?
>
> VE: Due to the pain at the moderately severe and severe level normally interrupts concentration, the ability to stay on task and to complete job duties.

[R. 233].

## CONCLUSION

Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's pain testimony. In this case, as noted above, the ALJ's reasons for discrediting the plaintiff's pain testimony are not

10

supported by substantial evidence.  Therefore, that testimony must be accepted as true by this court.  <u>Hale</u>, 831 F.2d at 1012.  The VE testified that if the plaintiff's pain testimony were credited, she would be unable to perform any work.  Therefore, the Commissioner failed to carry his burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

      An appropriate order will be entered contemporaneously herewith.

      DONE and ORDERED 10 March 2008.

                      UNITED STATES DISTRICT JUDGE
                            J. FOY GUIN, JR.